UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN STEWART,<br><br>                Plaintiff,<br>    v.<br><br>PROMETRIC, LLC,<br><br>                Defendant. | CASE NO. C19-1362JLR<br><br>ORDER TO SHOW CASUE REGARDING SUBJECT MATTER JURISDICTION |

Before the court is Defendant Prometric, LLC's ("Prometric") notice of removal. (*See* Not. of Rem. (Dkt. # 1).) The court has reviewed the notice of removal, the complaint (Compl. (Dkt. # 1-2)), and Prometric's corporate disclosure statement (CDS (Dkt. # 7)) and finds that Prometric has failed to provide an adequate basis for subject matter jurisdiction over this action. The court therefore orders Prometrics, within seven (7) days of the date of this order, to file a submission as described below.

//

//

ORDER - 1

The removal statute is strictly construed against removal jurisdiction, and a removing defendant bears the burden of establishing grounds for federal subject matter jurisdiction in the case. *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). In its notice of removal, Prometric invokes the court's diversity jurisdiction. (Not. of Removal at 2-3 (citing 28 U.S.C. §§ 1332, 1441).) A federal court's diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Here, both the complaint and the notice of removal aver that Plaintiff John Stewart is a resident of Washington State. (Not. of Removal at 2; Compl. ¶ 4.) The complaint also alleges that Prometric is a "Delaware corporation doing business in the State of Washington with its principal place of business in Baltimore, Maryland." (Compl. ¶ 5.) However, Prometric states that it is a Delaware limited liability company—not a corporation. (Not. of Removal at 2; *see also* DiFonso Decl. (Dkt. # 2) ¶ 2.)

For purposes of assessing diversity jurisdiction, the court must consider the domicile of all members of a limited liability company. *Johnson*, 437 F.3d at 899; *see also* Local Rules W.D. Wash. LCR 8(a). Prometric has failed to allege the domicile or citizenship of any of its members. Although Prometric states in its corporate disclosure statement that it is a "wholly owned subsidiary of Prometric Holdings Inc." and that Prometric Holdings Inc. is a Delaware corporation (CDS at 1), Prometric fails to state

1  Prometric Holding Inc.'s principal place of business.  For purposes of assessing the

2  diversity of citizenship of the parties, a corporation is a citizen of both its state of

3  incorporation and its principal place of business.  *See* 28 U.S.C. § 1332(c).  Absent

4  complete representations concerning the citizenship of each of Prometric's members, the

5  court cannot determine if Prometric has properly invoked this court's subject matter

6  jurisdiction.  Accordingly, Prometric must confirm that Prometric Holding Inc. is

7  Prometric's sole member, and assuming that is the case, Prometric must also state

8  Prometric Holding Inc.'s principal place of business.[1]

        In sum, the court ORDERS Prometric to SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction.  If Prometric fails to provide the court with the information described above within seven (7) days of the date of this order, the

//
//
//
//
//
//

---

[1] The court notes that if Prometric has additional members, Prometric must identify those members and each such member's citizenship in its response to the court's order to show cause. Further, if any member of Prometric is itself a limited liability company, Prometric must provide information about the citizenship of the members of that limited liability company as well, which is determined in the same manner described above—namely, by establishing the citizenship of each member. *See Johnson*, 437 F.3d at 899 (examining the citizenship of a limited partnership whose partners included limited liability companies by looking to the citizenship of the members of the second-layer limited liability companies).  This process continues until every layer of limited liability company membership has been reduced to the citizenship of its individual members.

court will remand this action to state court. Mr. Stewart may, but is not required to, respond to the court's order to show cause within the same timeframe.

Dated this 12th day of September, 2019.

JAMES L. ROBART
United States District Judge