Judge James L. Robart

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN STEWART,<br><br>  Plaintiff,<br><br>v.<br><br>PROMETRIC LLC, a Delaware Corporation,<br><br>  Defendant. | No. 2:19-cv-01362 JLR<br><br>**STIPULATED REMOTE DEPOSITION PROTOCOL**<br><br>**& ORDER** |

The parties jointly move this Court to enter the terms of this Stipulated Remote Deposition Protocol pursuant to the equitable powers of the Court and Federal Rules of Civil Procedure 29(a) and 30 as an order establishing the protocol to govern all depositions in this litigation.  Nothing in this Order will preclude any party or witness from seeking to modify it later for good cause shown.  Prior to making any modification, however, counsel will meet and confer amongst themselves in a good faith effort to reach agreement as to the appropriate scope of any modifications or revisions to this protocol.

 1. Physical Presence Prohibited. The witness(es) will be made available for deposition by video, with no attendees physically in the presence of the deponent.  Witnesses may not use any communication devices other than those to facilitate the deposition during questioning and may not consult in any fashion with anyone other than with representing counsel during questioning.  Witnesses may not privately confer with counsel at all during questioning

STIPULATED REMOTE DEPOSITION PROTOCOL - 1

except as to questions of privilege.  Other than as requested by counsel during a deposition, witnesses may not view any documentation of any type during a deposition that has not been produced to all counsel in advance of the deposition, with notice that the witness view it.

      2.     <u>Participant List</u>. At least seventy-two hours prior to the noticed deposition date, each individual planning to participate in the deposition must notify the party noticing the deposition of his/her intent to participate and provide the following information to the noticing party:  (a) name, (b) email address, (c) phone number. The noticing party will share this information with the vendor arranging the deposition for the limited purpose of facilitating each participating party's access to the video web portal for the deposition.

      3.     <u>Technology Requirements</u>. All video depositions will be stenographically recorded by a court reporter with real-time feed capabilities. Each individual participating in a deposition conducted by video must have a webcam-equipped device (such as a desktop, laptop, or tablet), and a device with audio-capabilities or access to a telephone for calling into the deposition. Other than this equipment, the witness shall not be permitted to have access to any other devices (such as a cellphone) while on the record.

Counsel for the deponent shall be responsible for ensuring that the witness has access to required equipment on the day of the deposition and that the any equipment checks or tests (as instructed by the deposition services vendor) have been completed prior to the deposition. Noticing counsel are not responsible for the quality or functionality of the video and audio stream for the witness, observers, or other participants. Attendees agree to work in good faith to facilitate remote participation.

      4.     <u>Identification of Individuals in Attendance</u>. Each witness, attorney, and other person attending the deposition shall be identified on the record at the commencement of the deposition. Under no circumstances may a person attend the deposition remotely in any manner without identifying themselves on the record at the commencement of the deposition.

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

107376747.1 0070891-00001

5. <u>Conduct by Participants Appearing Remotely</u>. Each individual participating in the deposition (including counsel for the deponent) must do so remotely and must have an active video stream and audio line for the duration of the deposition. Each participant should attend from a quiet, private location.

6. <u>Counsel Representing the Deponent During a Video Deposition</u>. While on the record, counsel for the deponent shall not communicate with the witness at all outside of the video/audio stream. This includes, but is not limited to, instant messaging, text messaging, or any equivalent. In the event any such communications occur, the parties agree that the communications are discoverable.

7. <u>Disruptions</u>. In the event a participant's video feed is interrupted or otherwise becomes hidden from view, the deposition will be suspended, and the parties will go back on the record only when the participant's video stream functionality has been restored. Disruptions due to video streaming, phone line interruptions, or other technical problems shall not be counted against record time. If a party believes that the transmission and/or recording was disrupted in bad faith, including but not limited to for purposes of delay, it may request that an additional videographer record other participants and may seek further appropriate relief from the Court.

8. <u>Court Reporter and Videographer</u>. The parties will stipulate, in accordance with Federal Rule of Civil Procedure 30(b)(5), that the court reporter or videographer may participate in the deposition by remote means, and that the deposition will be deemed to have been conducted "before" that officer, even though the officer is not physically present with the deponent, so long as that officer is able to identify the deponent

9. <u>Official Record</u>. The court reporter's transcript, and the videographer's recording (if any), shall constitute the official record of the deposition for all purposes.

10. <u>Other Recording</u>. No participant other than the court reporter and videographer (if any) may record or photograph any of the proceedings. This shall include recording using any form of remote transmitting device, computer recording device, laptops, camera, and personal

STIPULATED REMOTE DEPOSITION PROTOCOL - 3

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

107376747.1 0070891-00001

1  device, including smart phones, tablets, iPads, Androids, iPhones, Blackberries, or other PDAs.

2  Nothing in this provision prevents or limits the taking of notes by those identified on the record.

3      11.    <u>Use of Remote Depositions at Trial</u>. Remote depositions conducted in accordance

4  with this Stipulation may be admitted at trial with the same effect as a deposition conducted in-

5  person.

6      12.    <u>Instant Visual Display Technology</u>. In the event the noticing party utilizes instant

7  visual display technology such that the court reporter's writing of the proceeding will be

8  displayed in real-time, the witness shall not have access to the instant visual display.

9      13.    <u>Applicable Authority</u>. Unless otherwise set forth herein, the Federal Rules of

10  Civil Procedure, Federal Rules of Evidence, and other applicable authority shall govern as

11  though the deposition was conducted in-person.

12      14.    <u>Duration</u>. Nothing herein prevents a noticing party from conducting an in-person

13  deposition once COVID-19 related preventative measures are lifted in the states where the

14  parties and counsel reside. If, however, a noticing party elects to conduct a deposition by remote

15  means even after such measures are lifted, the terms of this Stipulation shall continue to govern.

STIPULATED REMOTE DEPOSITION PROTOCOL - 4

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

107376747.1 0070891-00001

| | | |
|---|---|---|
| 1 | DATED: July 17, 2020 | MALONEY O'LAUGHLIN, PLLC |
| 2 | | _s/Matt J. O'Laughlin_____ |
| 3 | | Matt J. O'Laughlin, WSBA No. 48706<br>200 W. Mercer Street, Suite 102 |
| 4 | | Seattle, WA 98119<br>Telephone: 206.513.7485 |
| 5 | | Facsimile: 206.260.3231<br>Email: matt@pacwestjustice.com |
| 6 | | Attorneys for Plaintiff |
| 7 | DATED: July 17, 2020 | STOEL RIVES LLP |
| 8 | | _s/S. Julia Littell_____<br>James M. Shore, WSBA No. |
| 9 | | S. Julia Littell, WSBA No. 54106<br>600 University Street, Suite 3600 |
| 10 | | Seattle, WA 98101<br>Telephone: 206.624.0900 |
| 11 | | Facsimile: 206.386.7500<br>Email: jim.shore@stoel.com |
| 12 | | julia.littell@stoel.com<br>Attorneys for Defendant |

STIPULATED REMOTE DEPOSITION PROTOCOL - 5

**ORDER**

IT IS SO ORDERED that the proposed Stipulated Remote Deposition Protocol shall govern the conduct of remote depositions in the above-captioned case.

DATED this 21st day of July, 2020.

JAMES L. ROBART
United States District Judge

STIPULATED REMOTE DEPOSITION PROTOCOL - 6

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

107376747.1 0070891-00001