1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

JOHN STEWART,

CASE NO. C19-1362JLR

11

Plaintiff,

ORDER FOR REMOTE /
VIRTUAL CIVIL JURY TRIAL

v.

12

PROMETRIC, LLC,

13

Defendant.

14

15 The Court ORDERS that the jury trial scheduled to commence on **Monday, February**

16 **16, 2021, at 1:30 p.m.**, be conducted using the following procedures and protocols.

17 Counsel is advised that multiple trials are scheduled for the same date and there is a

18 possibility the current trial date could be continued.

**A.     REMOTE / VIRTUAL TRIAL FORMAT**

19       1.     The entire trial, including jury deliberations, will take place using the

20              ZoomGov.com platform. The parties, counsel, witnesses, jurors, and court

21              staff will not be physically present in the courtroom. The Court will call a

22              jury pool of 24 jurors. The parties will have 3 rounds of 8 minutes to

examine the jurors.

    2.   The public will have telephonic access via a number published on the Court's website.

**B.   PREPARATION**

    1.   Counsel shall familiarize themselves with the ZoomGov.com and Box.com platforms by reviewing the tutorials located at https://www.wawd.uscourts.gov/attorneys/remotehearings.

    2.   Counsel shall ensure that they and each of their witnesses have the hardware, software, data bandwidth, and Internet access required to participate remotely. The minimum system requirements are posted at https://www.wawd.uscourts.gov/attorneys/remotehearings.

    3.   Counsel shall also ensure that they have one or more alternative means of communicating with their clients and witnesses, as well as with the Court, outside the ZoomGov.com platform (*e.g.*, via cellular phone or email).

    4.   Counsel shall consider establishing a high-speed Internet connection (a hard-wired connection is generally preferable to a wireless Internet connection).  Counsel shall also consider the feasibility of participating from their office if the impact of others requiring Internet usage during the proceedings might impact a participant's connection speed.

    5.   Parties and counsel are to participate on Tuesday, February 9, 2021, at 10:00 a.m. with the court and court staff for a technology check.

**C.   RECORDING**

    1.   The Court will provide a court reporter for the trial. No part of the trial may be reproduced, distributed, or transmitted in any form or by any means, in whole or in part, by any participant (attorney, party, witness, or juror) or public observer.  This prohibition includes any audio or video recording, photographs, and/or screenshots. The parties and counsel shall ensure that

each trial participant for which they are responsible acknowledges and agrees to this prohibition.

**D.   WITNESSES AND PARTICIPANTS**

1.   Counsel shall provide, via email to the Court's Courtroom Deputy, Ashleigh Drecktrah at Ashleigh.Drecktrah@wawd.uscourts.gov, the following information for each party, attorney, paralegal, legal assistant, trial or technical consultant, and witness who will participate remotely:

- Name
- Email address
- Phone number
- Participant status (*e.g.*, party, attorney, witness, etc.)

2.   Prior to trial, the Court's Courtroom Deputy will supply to counsel the links for the ZoomGov.com sessions. Counsel shall forward the links to other participants, including witnesses, as appropriate.

3.   After using the link to access the ZoomGov.com session, participants will enter a virtual waiting room. They will be admitted from the virtual waiting room into the virtual courtroom when appropriate. Counsel are responsible for notifying witnesses when and how they are expected to report to the virtual waiting room. Counsel shall have a second witness on call at all times to testify in the event a witness's connection is lost or other technical difficulties arise.

4.   Participants who will not be examining witnesses, testifying, or otherwise presenting matters during the proceedings (e.g., attorneys, paralegals, legal assistants, and trial or technical consultants) shall use the ZoomGov.com platform controls to mute their microphones and deactivate their cameras.

5.   During the virtual hearing, each party and all jurors will be visible on video with microphones muted.

6.     Counsel and the witness are not to communicate through any other device or method while the witness is testifying. Counsel and the witness may not be in the same room.

**E.   EXHIBITS**

1.     Exhibits shall be numbered in advance of trial in accordance with the protocol set forth in the Minute Order which sets the requirements for exhibits. *See* Minute Order Setting Trial and Related Dates, Dkt. # 17.

2.     All exhibits shall be uploaded by counsel to the "Box.com" platform via one or more links that the Court's Courtroom Deputy will provide via email prior to the trial date.

3.     Exhibits shall be uploaded to the respective Box.com folders labeled "Plaintiff's Proposed Exhibits" and "Defendant's Proposed Exhibits." At the end of each trial day, the Court's Courtroom Deputy and counsel will confer, and the Court's Courtroom Deputy will transfer into the "Admitted Exhibits" folder any exhibits in the folders for "Plaintiff's Proposed Exhibits" and "Defendant's Proposed Exhibits" that have been offered and admitted into evidence.

4.     After the close of evidence and before the jury begins deliberating, the Court's Courtroom Deputy and counsel will confer to confirm that the "Admitted Exhibits" folder accurately reflects the evidence admitted during the course of trial. During their deliberations, the jurors will be provided access to the Box.com folder for "Admitted Exhibits."

5.     Hard copies of all exhibits shall be delivered to the Court's Courtroom Deputy at 700 Stewart Street, Seattle, WA 98101, at least two (2) judicial days before the first day of trial. These exhibits shall be bound in one or more three-ring notebooks and appropriately tabbed by exhibit number. While testifying, each witness shall have available a copy of any exhibit

that he or she will be expected to use or examine during the trial. The witness shall not access any copy of an exhibit unless and until instructed to do so by the examining counsel. With regard to exhibits as to which admissibility is disputed, the Court will conduct proceedings outside the presence of the jury during which counsel may present arguments and, if necessary, voir dire witnesses, using the screen-sharing function in ZoomGov.com to display the exhibits at issue from the respective Box.com folders. To the extent possible, the Court will rule on the admissibility of exhibits before a witness who is expected to use or examine such exhibits testifies.

6. The parties shall comply with Local Civil Rule 32(e) concerning the use of depositions at trial. Video depositions that are used as substantive evidence shall be broadcast via ZoomGov.com using the screen-sharing function. Counsel may, but are not required to, upload video depositions to their respective Box.com folders, but the recordings will not be transferred to the "Admitted Exhibits" folder. Transcripts of depositions used during the trial for impeachment or as substantive evidence need not be sealed prior to their use. Counsel may either show the portion of the transcript at issue to the witness using the screen-sharing function in ZoomGov.com or transmit the entire transcript to the witness via mail, email, or otherwise in advance of his or her testimony.

7. If a program or platform other than Box.com will be used to publish exhibits to the jury, then counsel shall file, prior to the first day of trial, a certification signed under penalty of perjury indicating that the exhibits to be displayed to the jury using the other program or platform are identical to the exhibits uploaded into the folders on Box.com.  The parties may use trial presentation technology to present exhibits through the screen share

function in ZoomGov.com.

**F.     PROFESSIONALISM DURING THE TRIAL**

1.     **Ambient Noise Protocols**:

   a.     All participants who are not actively being questioned as a witness, asking questions of a witness, defending a witness, or providing or responding to opening statements, closing arguments, or other arguments, shall use the ZoomGov.com platform controls to mute their microphone and deactivate their video camera. The Court's Courtroom Deputy, who will "host" the ZoomGov.com sessions, will mute any participant who fails to follow this protocol.

   b.     Participants using multiple devices in a single workspace to access the trial should avoid audio feedback issues by using the microphone and speakers on only one device at a time, or by using headphones.

2.     **Courtesy and Decorum**:  To the extent possible, remote trial participants should conduct themselves in the same way they would if they were physically present in a courtroom. They should avoid interrupting someone who is speaking, except as necessary to raise an objection. Virtual trial participants should silence electronic devices other than the devices necessary to their remote participation, close unnecessary computer programs or applications (such as email or calendar notifications), and take steps to remove or minimize anything in their remote workspace that might distract from the integrity of the proceedings. The Court understands that conducting trial virtually, from one's home, for example, presents many challenges. The Court asks all remote participants to do their best to maintain professionalism in order to conduct a fair and efficient trial.

3.     **Objections**:  Counsel should raise their hand to signal an objection in addition to orally stating their objection.  When an objection is made, the

witness shall stop talking until the Court rules on the objection. If the objection requires a discussion outside the presence of the jury, the jurors will be placed in the virtual jury room.

4. **Disconnection**:  In the event that the Court, a party, an attorney of record, a witness, a juror, or anyone else necessary to the proceedings becomes disconnected from the remote trial, the trial will stop while the connection is reestablished. If the participant has difficulty reconnecting, he or she should call or text the Courtroom Deputy. In advance of calling a witness to the virtual stand, counsel must establish with the witness a protocol for contacting the witness in the event of disconnection and ensure that the alternative means of communication (*e.g.*, a cellular phone) is operational.

5. **Appropriate Dress**:  Parties, witnesses, and counsel shall dress in the same manner as they would if they physically appeared in a courtroom.

6. **Screen Names**:  Remote participants should endeavor to use a screen name in the ZoomGov.com platform that indicates their actual first and last names. As "host," the Court's Courtroom Deputy will rename any participant whose screen name is incomplete, confusing, unprofessional, or otherwise improper.

**IT IS SO ORDERED.**

The Clerk is directed to send copies of this Order to all counsel of record.

Dated this 11th day of January, 2021.

The Honorable James L. Robart
U.S  District Court Judge